UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Nos. 3:25-CR-127-TAV-JEM 3:10-CR-110-TAV-JEM-15 |
| SHAWN MAURICE SMITH, | ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Shawn Smith's Motion to Continue Trial and All Other Deadlines [Doc. 17],[1] filed on December 17, 2025.

Defendant asks the Court to continue the January 13, 2026 trial date all other dates and deadlines in this case [*Id*. ¶ 1]. He also moves the Court to continue his January 13, 2025 revocation hearing in case number 3:10-CR-110 [*Id*. ¶ 2].[2] Defendant first appeared on October 28, 2025, on a criminal complaint [Doc. 2, Minutes]. The Court substituted Attorney Forrest Wallace as counsel for Defendant on November 5, 2025, after finding prior counsel had an actual conflict of interest [Doc. 11 pp. 1–2]. On November 19, 2025, Defendant appeared for arraignment on an Indictment charging two counts of distributing crack cocaine, one count of possession of crack cocaine with

---

[1]  All citations are to the record in case number 3:25-CR-127 unless otherwise stated.

[2]  Defendant first appeared on October 31, 2025, on a Petition for revocation of his supervised release [No. 3:10-CR-110, Doc. 632, Minutes]. The Court appointed Attorney Forrest Wallace to represent Defendant [No. 3:10-CR-110, Doc. 634]. Defendant's revocation hearing is scheduled for January 13, 2026 [No. 3:10-CR-110, Doc. 640]. This motion to continue is not filed in Defendant's revocation case.

intent to distribute, and one count of possession of cocaine with intent to distribute [Doc. 15, Minutes; *see* Doc. 13, Indictment, pp. 1–2]. At that time, the Court set the case for trial on January 13, 2025.

As grounds for a continuance, Defendant asserts that counsel needs additional time to discuss the discovery, which includes a search warrant and audio and video recordings, with him [Doc. 17 ¶ 2]. Counsel also needs time to discuss "relevant legal issues" with Defendant, to investigate the case, to conduct potential litigation of pretrial motions, to continue plea negotiations, and to prepare for trial [*Id*. ¶¶ 2–4]. Counsel avers that based upon the need to complete these preparations, his busy caseload, and Defendant's detention in Kentucky, which makes in-person visits more time intensive, the case will not be ready for trial on January 13, 2026 [*Id*. ¶ 3]. Defendant states that counsel has discussed the need for a continuance with him, and he understands that a trial continuance will result in a later trial date and will affect the calculation of time under the Speedy Trial Act [*Id*. ¶ 5]. Defendant's motion reflects that the Government does not oppose the continuance [*Id*. ¶ 7].

Based on the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). In consideration of these factors, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id*. § 3161(h)(7)(B)(i), (iv). Defendant needs additional time to review discovery

2

with counsel, consider pretrial motions, engage in plea negotiations, and otherwise prepare for trial. The Court finds that all of this cannot occur before the January 13, 2026 trial date.

The Court therefore **GRANTS** Defendant Shawn Smith's Motion to Continue Trial and All Other Deadlines [Doc. 17]. The trial of this case is reset to **April 14, 2026**. A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all the time between the filing of the motion on December 17, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Shawn Smith's Motion to Continue Trial and All Other Deadlines [**Doc. 17**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **April 14, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **December 17, 2025**, and the new trial date of **April 14, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is **January 14, 2026**, and responses to the pretrial motions are due **January 28, 2026**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 13, 2026**;

(6) the deadline for filing motions *in limine* is **March 30, 2026**, and responses to motions *in limine* are due on or before **April 7, 2026**;

(7) the parties shall appear before the undersigned for a final pretrial conference on **March 24, 2026, at 10:30 a.m.**;

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **April 3, 2026**;

(9) Defendant has shown good cause for a continuation of his January 13, 2026 revocation hearing in case number 3:10-CR-110 to April 14, 2026, so that hearing may occur in conjunction with the trial date in this case; and

(10) Defendant's revocation hearing in case number 3:10-CR-110 is reset to **April 14, 2026**.

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge